UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORHURST, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11 C 7222 |
| ACCLAIM SYSTEMS, INC., an Illinois corporation, | ) ) ) ) | Judge John W. Darrah |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

On December 8, 2011, Plaintiff Norhurst, Inc. ("Norhurst") filed a Complaint against Defendant Acclaim Systems, Inc. ("Acclaim"), alleging claims for breach of contract (Counts I and IV), accounting (Count II), and declaratory judgment (Count III). Before the Court is Acclaim's Rule 12(f) Motion to Strike Allegation and Jury Demand.

## BACKGROUND

For purposes of the pending Motion, the Court assumes the well-pleaded factual allegations set forth in Acclaim's Complaint to be true. Norhurst is a computer consulting, project management, and direct-hire business. (Compl. ¶ 1.) Acclaim provides professional and technical consulting services in the areas of information technology and computer programming. (*Id.* ¶ 2.) On November 29, 2004, Norhurst and Acclaim entered into a signed, written agreement (the "IT Consulting Agreement"). (Compl. ¶ 6.) Pursuant to the IT Consulting Agreement, Norhurst was to procure customers for staffing with Acclaim's IT consultants. (*Id.* ¶ 6 and Ex. A.) In 2005, Norhurst and Acclaim agreed to modify the IT Consulting Agreement to set aside part of

their joint profits, totaling $1.75 per hour for every IT consultant placed, to cover the costs of providing booths and employees at future industry conferences. (*Id.* ¶ 8.) In 2006, Norhurst began to solicit project work from its clients, which was separate and apart from the IT consultant staffing covered by the IT Consulting Agreement. (*Id.* ¶ 9.) Norhurst and Acclaim agreed to divide profits on any project work equally after payment of all expenses and overhead (the "Project Work Contract"). (*Id.*) In July 2011, Norhurst and Acclaim again orally agreed to modify the IT Consulting Agreement commission schedule so that Norhurst would receive 40 percent share of the profits on IT consultant staffing, beginning in August 2011. (*Id.* ¶ 17.)

On August 22, 2011, Norhurst submitted invoices to Acclaim for commissions due under the IT Consulting Agreement and for the share of profit and reimbursement of expenses under the Project Work Contract. (*Id.* ¶ 18.) Acclaim has failed and refused to pay the amounts due to Norhurst. (*Id.*) On September 6, 2011, Acclaim sent Norhurst a "Termination Notice" pursuant to the IT Consulting Agreement, in which it sought to terminate the IT Consulting Agreement by claiming that Norhurst had breached the IT Consulting Agreement. (*Id.* ¶ 21.) Norhurst now brings four counts against Acclaim. In Count I, Norhurst brings a claim for breach of the IT Consulting Agreement. In Count II, Norhurst seeks a declaratory judgment that Norhurst is entitled to all future commissions on the placements already made under the IT Consulting Agreement and that the non-solicitation and noncompetition provisions of paragraph 4 of the IT Consulting Agreement are void and unenforceable. In Count III, Norhurst brings a claim for accounting. In Count IV, Norhurst brings a claim for breach of the Project Work Contract.

## LEGAL STANDARD

"Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Delta Consulting Group, Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (*Delta*) (quoting Fed. R. Civ. P. 12(f)). Motions to strike pursuant to Rule 12(f) are disfavored. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1405-1406 (7th Cir. 1991). Motions to strike are appropriate, however, if they serve to expedite litigation. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) (allegations may be stricken if matter bears no possible relation to controversy). District courts have considerable discretion to strike allegations under Rule 12(f). *See Delta*, 554 F.3d at 1141-42. "The party moving to strike has the burden of showing that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 979, 982 (N.D. Ill. 2003) (citation and internal quotation omitted).

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(f), Acclaim has moved to strike Norhurst's allegation that it is a "veteran-owned business with one employee." (Compl. ¶ 1.) Acclaim argues that the allegation has no relevance to the issues being litigated and that it was included in the hope of prejudicing the trier of fact and should be stricken. Norhurst does not respond to Acclaim's argument, instead, devoting its entire response to Norhurst's motion to strike Acclaim's jury demand. By failing to respond to Acclaim's

3

argument, Norhust has conceded it. *See Keri v. Bd. of Trustees of Purdue Univ.*, 458 F.3d 620, 643 n.7 (7th Cir. 2006); *MCI WorldCom Network Services, Inc. v. Atlas Excavating, Inc.*, No. 02 C 4394, 2006 WL 3542332, at *3 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *see also Brodsky v. HumanaDental Ins. Co.*, No. 10 C 3233, 2011 WL 529302, at *10 (N.D. Ill. Feb. 8, 2011) (granting defendant's motion to strike allegations in plaintiff's complaint where plaintiff failed to respond to defendant's argument). Accordingly, Norhurst's Motion to Strike the allegation in paragraph 1 of Acclaim's Complaint is granted.

Next, Norhurst moves to strike Acclaim's jury demand on the basis that the IT Consulting Agreement contains a jury waiver. The Seventh Circuit has held that when a contract is governed by state law, the validity of a jury-trial waiver similarly is governed by state law. *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991, 993-94 (7th Cir. 2008) (*IFC Credit Corp*). Because the IT Consulting Agreement contains an Illinois choice-of-law provision, Illinois law governs. (Compl., Ex. A ¶ 8.)

While the Illinois Supreme Court has not spoken as to the enforceability of jury-trial waivers, it has determined that the enforceability of an arbitration agreement turns upon fundamental principles of contract law, not on a higher "knowing and voluntary" standard sometimes used by other courts.[1] *Melena v. Anheuser-Busch, Inc.*, 847 N.E.2d

---

[1] In its Response, Norhust argues that there is a heightened "knowing and intentional" standard applied to jury waivers. (Resp. at 1.) This is wrong and in direct contradiction of the law of this Circuit. *See IFC Credit Corp.*, 512 F.3d at 993 (rejecting the idea that jury waivers "must be attended by extra negotiation or depend on evidence

4

99, 106 (Ill. 2006). An agreement to a bench trial cannot logically be treated less favorably than an agreement to arbitrate – an agreement that surrenders more rights. *IFC Credit Corp.*, 512 F.3d at 994. Therefore, in Illinois, the validity of a jury-trial waiver is determined by fundamental principles of contract law. *See AEL Fin. LLC v. Tri-City Auto Salvage, Inc.*, No. 08 C 4384, 2009 WL 3011211, at *3 n. 1 (N.D. Ill. Aug. 31, 2009) (discussing the standard to be applied to jury-trial waivers under Illinois law). Norhurst does not contest the enforceability of the jury waiver; rather, it argues that the jury waiver does not apply to this litigation. This argument requires the Court to determine the scope of the jury waiver. *See JF Enterprises*, 2011 WL 5557414, at *5. To determine the scope of such a waiver, courts look to the language of the contract to determine the intent of the parties. A court's analysis begins with the language of the contract itself, and "[i]f the language unambiguously answers the question at issue, the inquiry is over." *Emergency Med. Care, Inc. v. Marion Mem. Hosp.*, 94 F.3d 1059, 1061 (7th Cir. 1996) (interpreting Illinois law).

> The jury waiver within the IT Consulting Agreement provides:
>
> The parties agree that any legal action which may be brought in any court shall be heard and determined by a judge of the court as the sole finder of fact and law, and that the parties to this Agreement expressly waive their right to a trial by jury to resolve any issues arising from this Agreement.

(*See* Compl., Ex. A ¶ 8.) The language of the jury waiver is clear and unambiguous.

---

of voluntariness beyond what is required to make the rest of the contract legally effective."); *JF Enterprises, LLC v. Fifth Third Bank*, No. 11 CV 3759, 2011 WL 5557414 (N.D. Ill. Nov. 15, 2011) (*JF Enterprises*) (noting that the Illinois Supreme Court has rejected the higher "knowing and voluntary" standard in the analogous context of agreements to arbitrate disputes).

Norhurst, however, argues that "*courts* have held the scope of the 'arising from' language is narrow." (Resp. at 2.) However, Norhurst cites only one case, *Ward Enterprises, Inc. v. Bang & Olufsen America*, No. 02 C 7640, 2004 WL 830461, at *2 (N.D. Ill. Apr. 15, 2004) (*Ward*), in support of its argument. Norhursts's reliance on *Ward* is not persuasive. In *Ward*, the jury waiver contained both the "relating to" and "arising from" language. In granting defendant's motion to strike the jury demand, the court held that plaintiff's specific allegations "relate to *and* arise from the Agreement" and held that they were based on "plaintiff's operation of the store pursuant to the Agreement and in some instances on statements in the Agreement itself." *Id.* In sum, the court's holding did not advance a narrow construction of the "arising from" language within a jury waiver.

Norhurst argues that this is "fundamentally based on a dispute over profit retention, which is outside the scope of the IT Consulting Agreement because it did not arise from that Agreement." (Resp. at 2.) Norhurst's allegations in this respect are based in part on an asserted oral modification of the IT Consulting Agreement. (Compl. ¶ 8.) In addition, Norhurst argues that because its breach of the Project Work Contract is based on an oral agreement, it is also outside the scope of the jury waiver. Neither argument is persuasive.

Norhurst's argument ignores the terms of the IT Consulting Agreement, which provides:

> This instrument contains the entire Agreement of the parties. The Agreement may not be changed orally, but only by an Agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought.

6

(*See* Compl., Ex. A ¶ 9.) Thus, the parties' agreement is defined by the language of the IT Consulting Agreement.

Furthermore, a review of Norhurst's Complaint demonstrates that Norhurst's claims arise from its contractual relationship with Acclaim pursuant to the IT Consulting Agreement. In Count I, Norhurst alleges that Acclaim "breached the IT Consulting Agreement by . . . [among other things] failing and refusing to pay Norhurst its share of the Retained Profits." (Compl. ¶ 23.) Furthermore, that Norhurst requests an accounting of funds "retained by Acclaim under" the IT Consulting Agreement and a declaratory judgment of the parties' rights and responsibilities "under" the IT Consulting Agreement is further evidence that Norhurst's claims arise out of the IT Consulting Agreement.

As such, Norhurst's allegations fall within the scope of the jury waiver in the IT Consulting Agreement. Therefore, Acclaim's Motion to Strike Norhurst's jury demand is granted.

## CONCLUSION

For the foregoing reasons, Acclaim's Motion to Strike Allegation and Jury Demand [9] is granted in its entirety.

Date: February 9, 2012

JOHN W. DARRAH
United States District Court Judge